1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

11

12   JIMMY ANVAR, on behalf of himself
     and all others similarly situated,

13          Plaintiff,

14          vs.

15   CONSUMER EDUCATION.INFO, INC.
16   dba CONSUMER EDUCATION
     OUTREACH, INC.; WEBNET
17   CONSULTING, INC. dba EPATH
     MEDIA; and DOES 1 through 20,
18   inclusive, and each of them,

19          Defendants.

20
21
22
23
24
25
26
27
28

Case No. 8:15-cv-00410-DOC-JCG

**PROTECTIVE ORDER**

DMEAST #22859456 v1

The Court recognizes that many of the documents and much of the information ("materials") being sought through discovery in the above-captioned action are normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential information, as is contemplated by Federal Rule of Civil Procedure 26(c).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

## DEFINITIONS

1.    The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.    The term "materials" will include, but is not limited to, documents, correspondence, memoranda, financial information, electronic mail, contracts, trust agreements and organization formation documents.

3.    The term "counsel" will mean counsel of record and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms:  Ballard Spahr LLP and Kristensen Weisberg, LLP.

## GENERAL RULES

1.    Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or

information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL." Any party may designate materials or other Confidential Information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the information is among that to be considered to be most sensitive by the party, such that its unrestricted disclosure may cause that party annoyance, embarrassment, oppression or undue burden or expense.

2.      In the event that the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with term "CONFIDENTIAL."

3.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.      The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order. Such designation must be made on the record whenever possible, but a party may designate the deposition or portions of the deposition as containing Confidential Information after transcription of the proceedings; a party will have until twenty-one (21) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

b.      The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," and the original or any copy ultimately presented to a court for filing must not be filed unless it can

1    be accomplished under seal, identified as being subject to this Order, and

2    protected from being opened except by order of this Court.

3        4.    All Confidential Information designated as "CONFIDENTIAL" must

4    not be disclosed by the receiving party to anyone other than those persons

5    designated within this Order and must be handled in the matter set forth below,

6    and, in any event, must not be used for any purpose other than in connection with

7    this litigation, unless and until such designation is removed either by agreement of

8    the parties, or by order of this Court.

9        5.    Confidential Information designated as "CONFIDENTIAL" must be

10   viewed only by the following individuals:

11       a.    Counsel of the receiving party[1];

12       b.    Independent experts and stenographic and clerical employees

13   associated with such experts;

14       c.    The Court and any Court staff and administrative personnel;

15       d.    Any court reporter employed in this litigation and acting in that

16   capacity; and

17       e.    Any person indicated on the face of the material to be its

18   originator, author or a recipient of a copy of the material.

19       6.    All information which has been designated as "CONFIDENTIAL" by

20   the producing or disclosing party, and any and all reproductions of that information,

21   must be retained in the custody of the counsel for the receiving party, except that

22   independent experts authorized to view such information under the terms of this

23   Order may retain custody of copies such as are necessary for their participation in

24   this litigation.

25

26

27      [1] The parties are not aware of any potential related cases.  Plaintiff reserves the
right that counsel in related cases may be entitled to receive documents under

28   a sharing order.

7.      Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "CONFIDENTIAL" are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

8.      At any stage of these proceedings, any party may object to a designation of the materials as "CONFIDENTIAL."  The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

9.      All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action.  Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

10.     No Party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

11. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

12. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

13. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

14. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

15. Information designated confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom confidential information has been produced

thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to counsel for the party which made the designation, and permits counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

16.     Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own confidential information to any person.  Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.  Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

17.     Within 30 days of the final termination of this action, including any and all appeals, counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (1) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (2) destroy same at the option of the receiving party.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.  However, nothing in this Order shall conflict with

PROTECTIVE ORDER

1  Counsel's obligations to maintain records pursuant to Rules of Professional

2  Conduct.

3       18.    The restrictions and obligations set forth within this order will not

4  apply to any information that: (a) the parties agree should not be designated

5  Confidential Information; (b) the parties agree, or the Court rules, is already public

6  knowledge; or (c) the parties agree, or the Court rules, has become public

7  knowledge other than as a result of disclosure by the receiving party, its

8  employees, or its agents in violation of this Order.

9       19.    The restrictions and obligations within this order will not be deemed

10  to prohibit discussions of any Confidential Information with anyone if that person

11  already has or obtains legitimate possession of that information.

12       20.    Transmission by e-mail or facsimile is acceptable for all notification

13  purposes within this order.

14       21.    This Order may be modified by agreement of the parties, subject to

15  approval by the Court.

16       22.    The Court may modify the terms and conditions of this Order for good

17  cause, or in the interest of justice, or on its own order at any time in these

18  proceedings.  The parties prefer that the Court provide them with notice of the

19  Court's intent to modify the Order and the content of those modifications, prior to

20  entry of such an order.

21       **IT IS SO ORDERED.**

22

23

24  DATED: October 23, 2015     By: _____

                HONORABLE JUDGE, JAY C. GANDHI

25                  UNITED STATES DISTRICT COURT

26

27

28